# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

_____

CLEVELAND BOWLING

Plaintiff,

vs.

MORROW DEVELOPMENT COMPANY

Defendant.

_____

## VERIFIED COMPLAINT and
## DEMAND FOR TRIAL BY JURY

_____

Cleveland Bowling ("Mr. Bowling"), for his *Verified Complaint* against Morrow Construction Company ("Morrow"), states as follows:

## PARTIES AND JURISDICTION

1.     Mr. Bowling is a resident of the State of Colorado.

2.     Morrow has its principal offices at 403 Corporate Center Drive, Suite 201, Stockbridge, GA 30281.

3.     Morrow transacts business in multiple states, including Colorado. The events complained of took place, in whole or in part, at Arvada, CO.  Morrow is authorized to do business in Colorado and is in good standing.

4.     Jurisdiction to this Court is invoked pursuant to 42 U.S.C. § 2000e and 42 U.S.C. §§ 12111-12711.

5.     Mr. Bowling is currently a 70-year-old male.

Page **1** of **9**

## GENERAL ALLEGATIONS

6.     Mr. Bowling had been employed by Morrow in Arvada for almost 2 years. He was Senior Project Manager for Morrow.

7.     Mr. Bowling had reported to Denis Dunathan ("Mr. Dunathan") whose title is Director of Construction.

8.     On December 8, 2023, Mr. Bowling filed a formal complaint to Dana Morrey ("Ms. Morrey"), HR manager for Morrow Construction regarding Mr. Bowling's complaint of ageism from Mr. Dunathan, which was followed up by a second email on December 18, 2023. A copy of the email chain from December 8, 2023 to December 18, 2023 is attached as Exhibit "1."

9.     Ms. Morrey purportedly conducted an investigation, after which she advised Mr. Bowling "at least one person confirmed what Mr. Dunathan had said about Mr. Bowling age but his actions did not constitute discrimination but rather Mr. Dunathan was guilty of "banter." Further, Mr. Bowling "needed to work better to get along with Mr. Bowling's co-workers."

10.    When Mr. Bowling asked for a copy of the notes and records from Ms. Morrey's investigation, Ms. Morrey told Mr. Bowling she did not have any intention of providing those notes and records to Mr. Bowling.

11.    Mr. Bowling believes Ms. Morrey does not have any record of any investigation.

12.    Subsequently, Ms. Morrey came to Denver to conduct discrimination training.

13.    Ms. Morrey did not mention ageism and she never mentioned the EEOC or their role in investigating discrimination complaints.

14.    Since then, Mr. Dunathan's actions had become worse. Mr. Bowling had suspected that as Mr. Dunathan did not suffer any consequences for his actions, he felt he had carte blanche to

treat me in any manner he chose because Ms. Morrey failed to put any corrective actions in place even after she confirmed Mr. Dunathan made ageist comments against Mr. Bowling.

15.     When Mr. Dunathan's negativity has become unbearable, on April 12, 2024, Mr. Bowling sent an additional formal complaint to Jeff Greene Vice-President of Construction over all new construction in the US.

16.     Mr. Greene had been scheduled to visit Denver but never came as planned, which foiled Mr. Bowling's intent to discuss Mr. Dunathan's continued poor treatment of Mr. Bowling.

17.     In April 2024, Mr. Bowling had the opportunity to have an in-person, 20-minute conversation with Mike Davis ("Mr. Davis") at the jobsite in Broomfield, Colorado. During this one-on-one conversation, Mr. Davis and Mr. Bowling had discussed the negative effects ageism has in the workplace and Mr. Davis explained to Mr. Bowling had he had several older, lengthy tenured employees including some in their seventies because he valued the maturity and experience they brought to Morrow Construction. This communication led Mr. Bowling to the false conclusion Mr. Davis would prevent any adverse employment action against Mr. Bowling.

18.     Mr. Bowling had believed the only solution to this problem was for Morrow Construction to terminate Mr. Dunathan. However, based on Morrow's failure to do anything about Mr. Bowling discrimination complaints, Mr. Bowling had not expected anything of any consequence to happen.

19.     On April 19, 2024, Mr. Bowling had authorized Mr. Bowling's counsel to send an email to Dana Morrey, Craig Walsh and Jeff Greene expressing Mr. Bowling beliefs and concerns. A copy of Mr. Bowling counsel's April 19, 2024 email is attached as Exhibit "2."

20.     On April 22, 2024, Joe Jenkyn, Morrow Construction's self-described People Person terminated Mr. Bowling under a purported "reduction in force."

21.     On April 23, 2023, Morrow Construction paid Mr. Bowling:

$7,387.98

$7,116.34

$5,105.57

$4,537.52

$4,537.50

$1,947.30

$389.96

Mr. Bowling assumed these credits are for final pay.

22.     On the same date, Morrow Construction debited Mr. Bowling's personal bank account without Mr. Bowling's permission and/or without notice to Mr. Bowling:

$7,116.34

5,105.57

$4,537.52

$1,947.30

23.     Mr. Bowling has received no explanation about these credits and debits. As such, Mr. Bowling has no idea what this is about and hoped that any mutually acceptable resolution would involve an explanation as well as an accounting of his final pay.

24.     On July 10, 2024, Mr. Bowling filed his *Charge of Discrimination* with the EEOC, a copy of which is attached as Exhibit "1."

25.     On October 17, 2024, the EEOC provided Mr. Bowling with a *Notice of Your Right to Sue*, a copy of which is attached as Exhibit "2."

## FIRST CLAIM FOR RELIEF

### (Race Discrimination in Violation of
### 42 U.S.C. § 2000e *et seq.*)

26.    Mr. Bowling incorporates paragraphs 1 - 25, inclusive, of this *Verified Complaint* as though fully set forth herein.

27.    Mr. Bowling is a 70-year-old man.  He is a member of a protected class.

28.    Mr. Bowling was qualified for the position he held.

29.    Mr. Bowling was discharged from his employment because of his age.  The reasons stated by Morrow are pretextual and are not the real reasons for his termination.

30.    As a proximate result of Morrow's violations of 42 U.S.C. §§ 2000e, *et seq.*, Mr. Bowling has been damaged in an amount to be proven at trial.

31.    Morrow's actions were willful and malicious and in deliberate disregard of Mr. Bowling's rights.  Mr. Bowling is entitled to an award of punitive damages in an amount to punish Morrow and deter such conduct in the future.

32.    Pursuant to 42 U.S.C. §2000e-5, Mr. Bowling is entitled to an award of attorney's fees.

**WHEREFORE**, Mr. Bowling requests the relief more fully set forth below.

## SECOND CLAIM FOR RELIEF

### (Retaliation in Violation of
### 42 U.S.C. § 2000e *et seq.*)

33.    Mr. Bowling incorporates paragraphs 1 - 32, inclusive, as though fully set forth herein.

34.    Mr. Bowling engaged in activity protected by federal law, both in his own behalf by complaining, repeatedly, to appropriate parties within Morrow about diversity issues and

discrimination occurring at Morrow and on behalf of others against whom Morrow was discriminating.

35.    Morrow took the actions described more fully above with the intention of discouraging Mr. Bowling and other Morrow employees from engaging in protected activity.

36.    Mr. Bowling's ultimate termination from Morrow was in retaliation for engaging in protected activity.

37.    Mr. Bowling, as a reasonable employee, believed the challenged actions were materially adverse to him.

38.    A causal connection existed between the protected activity and the adverse actions.

39.    All reasons proffered by Morrow for its adverse actions against Mr. Morrow were pretextual as Mr. Bowling's termination occurred three days after Mr. Bowling's counsel notified Morrow of its adverse employment actions.

40.    Prior to the termination, Mr. Bowling never received from Morrow any notice, orally or in writing, of any problems with his employment.

**WHEREFORE**, Mr. Bowling requests the following relief against Defendant Morrow Development Company:

a) An award of damages for back pay;

b) Incidental and consequential damages, including out of pocket expenses;

c) An award of damages for pain and suffering;

d) Pre- and post-judgment interest as allowed by law;

e) Reinstatement and if reinstatement not available, an award of front pay as allowed by law;

f) Punitive damages as allowed by law;

g) Attorney's fees as allowed by law; and

h) Such other and further relief which seems proper.

Dated: October 23, 2024

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by a jury of 12, on all issues so triable.

DATED this 23rd day of October 2024.

Respectfully submitted,

s/David H. Wollins

David H. Wollins

Attorney for Plaintiff

David H. Wollins, P.C.

120 N Fairfax Street

Denver, Colorado 80220-6332

Telephone:    303.758.8900

Facsimile:    303.758.8111

dhwollins@dhwpc-law.com

Plaintiff's Address

16403 E Prentice Avenue

Centennial, CO 80015

## VERIFICATION

I, Cleveland Bowling, hereby certify that the foregoing *Verified Complaint* is true and correct to the best of my knowledge, information, and belief.

_____
Cleveland Bowling

STATE OF COLORADO          )
                           )
COUNTY OF DENVER           )

Subscribed and sworn to before me by Cleveland Bowling this 23rd day of October 2024.

_____
s/Ronald R. Covey
Notary Public

My commission expires: _June 27, 2026_

RONALD R COVEY
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20024020836
MY COMMISSION EXPIRES JUNE 27, 2026

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of October 2024, I electronically filed the foregoing *VERIFIED COMPLAINT and DEMAND FOR TRIAL BY JURY* with the Clerk of Court, which will send notification of such filing to the following email addresses:

dhwollins@dhwpc-law.com

rrcovey@dhwpc-law.com

_s/ David H. Wollins_
David H. Wollins
Attorney for Plaintiff
David H. Wollins, P.C.
120 North Fairfax Street
Denver, Colorado 80220-9332
Telephone:    303.758.8900
Facsimile:    303.758.8111